**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ARTHUR MCDONALD, JR. and HERCULES INVESTMENTS, LLC,<br><br>Defendants. | No. CV 22-6799 PA (JPRx)<br><br>JUDGMENT AND PERMANENT INJUNCTION |

In accordance with the Court's April 17, 2023 Order granting the Motion for Default Judgment filed by plaintiff Securities and Exchange Commission ("Plaintiff"),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Defendants James Arthur McDonald, Jr. ("McDonald") and Hercules Investments, LLC ("Hercules") (together, "Defendants") violated and are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  a. to employ any device, scheme, or artifice to defraud;

  b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  a. to employ any device, scheme, or artifice to defraud;

  b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. Defendants violated and are permanently restrained and enjoined from violating Section 206(1) and Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2)] as an investment adviser by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

  a. to employ any device, scheme, or artifice to defraud any client or prospective client; or

  b. to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by

personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

5. McDonald is liable for disgorgement of $3,593,392.01, plus prejudgment interest in the amount of $216,954.53, for a total of $3,810,346.54, all of which represents net profits gained as a result of the conduct alleged in the Complaint.

6. Of that sum, Hercules and McDonald are jointly and severally liable for disgorgement of $1,416,044.37, plus prejudgment interest in the amount of $85,495.05, for a total of $1,501,539.42, all of which represents net profits gained as a result of the conduct alleged in the Complaint.

7. McDonald shall pay a civil penalty in the amount of $3,593,392.01, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

8. Hercules shall pay a civil penalty in the amount of $1,416,044.37, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

9. Defendants shall satisfy these obligations by paying the aforementioned sums to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

10. Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

1  and shall be accompanied by a letter identifying the case title, civil action number, and name
2  of this Court; James Arthur McDonald, Jr. and Hercules Investments, LLC as defendants in
3  this action; and specifying that payment is made pursuant to this Final Judgment.

4        11.    Defendants shall simultaneously transmit photocopies of evidence of payment
5  and case identifying information to the Commission's counsel in this action.  By making this
6  payment, Defendants relinquish all legal and equitable right, title, and interest in such funds
7  and no part of the funds shall be returned to Defendants.

8        12.    The Commission shall hold the funds (collectively, the "Fund") until further
9  order of this Court.  The SEC may propose a plan to distribute the Fund subject to the
10 Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the
11 Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2022.  The Court shall
12 retain jurisdiction over the administration of any distribution of the Fund and the Fund may
13 only be disbursed pursuant to an Order of the Court.

14       13.    Regardless of whether any such Fair Fund distribution is made, amounts
15 ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties
16 paid to the government for all purposes, including tax purposes.  To preserve the deterrent
17 effect of the civil penalty, Defendants shall not, after offset or reduction of any award of
18 compensatory damages in any Related Investor Action based on Defendants' payment of
19 disgorgement in this action, argue that they are entitled to, nor shall they further benefit by,
20 offset or reduction of such compensatory damages award by the amount of any part of
21 Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any
22 Related Investor Action grants such a Penalty Offset, Defendants, within 30 days after entry
23 of a final order granting the Penalty Offset, notify the Commission's counsel in this action
24 and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as
25 the Commission directs.  Such a payment shall not be deemed an additional civil penalty and
26 shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For
27 purposes of this paragraph, a "Related Investor Action" means a private damages action
28

brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

14.  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

15.  Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

16.  This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

17.  There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED:  April 18, 2023

_____
Percy Anderson
United States District Judge